William J. Bunker *versus* Ephraim Hall & al.

*If the justices who administered the oath to the debtor, are not selected in the manner pointed out in Rev. St. c. 148, § 46, they have no authority to administer the oath and make the certificate prescribed in that act; their proceedings have no validity; and in an action on a debtor's bond where such proceedings alone are relied upon to show performance, the plaintiff is entitled to recover as is provided in the same chapter, § 39.*

The action was on a poor debtor's bond, dated Sept. 23, 1841, made in conformity with the provisions of Rev. St. c. 148.

Two justices of the peace and of the quorum for the county of Kennebec certified under their hands, that Hall, the debtor and principal in the bond, had taken the oath prescribed in Rev. St. c. 148, § 28. The justices merely say, " We, the subscribers, two disinterested justices of the peace, and of the quorum, hereby certify," &c. and it did not appear in the certificate, or in any return of an officer, in what manner, or by whom, the justices were selected. This certificate was relied on by the defendants as evidence of the performance of the condition of the bond.

The plaintiff objected to the introduction of this paper, and denied its having any effect, because it did not show, and because it was not otherwise shown, that the justices were

chosen as provided in the act before referred to ; and therefore that they had no jurisdiction of the subject matter. The plaintiff then proved by the testimony of witnesses, the defendants objecting thereto, that both justices were selected by the debtor, the same witnesses stating, that neither the creditor, nor any person appearing as attorney for him, nor any officer who could have arrested the debtor, was present at the time and place of taking the oath. A nonsuit or default was to be entered, as the opinion of the Court should be.

*J. S. Abbott*, for the plaintiff.

*E. Smith*, for the defendants.

The opinion of the Court was by

WHITMAN C. J. — In *Barnard* v. *Bryant & al.* decided in this county, during the last year, (vol. 21, p. 206,) the plaintiff was permitted to prove, and did prove that the justices were not selected in the manner pointed out in the Revised Statutes, c. 148, § 46 ; and it was held thereupon, that they had no authority to administer the oath, and make the certificate as provided in § 27, 28 and 31 of the same chapter. We are still satisfied that we decided correctly in that case ; and this case presents the same question ; and it must receive a similar decision. It is unnecessary to consider of the other questions raised in the case. The plaintiff is entitled to recover as provided in § 39 of the said chapter.